**WAJDA LAW GROUP, APC**
Nicholas M. Wajda (Cal. Bar No. 259178)
11400 West Olympic Boulevard
Suite 200M
Los Angeles, California 90064
Telephone: 310-997-0471
Facsimile: 866-286-8433
E-Mail: nick@wajdalawgroup.com

*Attorney for the Plaintiff*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN L. FRANKS,<br><br>    Plaintiff,<br><br>    v.<br><br>ADMIN RECOVERY LLC,<br><br>    Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.**<br><br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788 ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

NOW COMES, STEVEN L. FRANKS, through counsel, WAJDA LAW GROUP, APC, complaining of ADMIN RECOVERY LLC, as follows:

**NATURE OF THE ACTION**

1. This action arises under The Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.*, and he Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 *et seq*.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. STEVEN L. FRANKS ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in this judicial district.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. Plaintiff is a "debtor" as defined by Cal. Civ. Code § 1788.2(h).

8. ADMIN RECOVERY LLC ("Defendant") is a foreign limited liability company with its principal place of business located in Williamsville, New York.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

10. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

**FACTUAL ALLEGATIONS**

11. Years ago, Plaintiff sought around $2,500.00 from TD Bank, N.A. to purchase furniture for his grandma.

12. Said monies are a "debt" as defined by 15 U.S.C. § 1692a(5) as they were incurred for personal, family, or household purposes.

13. Plaintiff's grandma became sick; causing Plaintiff to take time away from work to provide care.

14. During this time, Plaintiff failed to make minimum monthly payments to TD Bank, N.A.

15. Subsequently, TD Bank, N.A. referred Plaintiff's account to Defendant for collection.

16. Six months ago, Defendant started calling Plaintiff's mother and father seeking to collect on Plaintiff's account.

17. On approximately 10 occasions, Defendant identified themselves as debt collectors looking for Plaintiff.

18. On approximately 10 occasions, Defendant informed Plaintiff's mother and father that Plaintiff owed TD Bank, N.A.

19. On multiple occasions, Plaintiff's mother and father kindly asked Defendant to stop contacting them.

## DAMAGES

20. Defendant's phone calls have caused anxiety, embarrassment, invasion of privacy, harm to Plaintiff's reputation as well as undeserved stress.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. §§ 1692 *et seq*.)

21. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of 15 U.S.C. §1692b

22. Section 1692b provides:

> Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall –
>
> (2) not state that such consumer owed any debt;
>
> (3) not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information.

15 U.S.C. §§ 1692b(2) and b(3).

23. Defendant violated 15 U.S.C. § 1692b(2) by communicating with Plaintiff's mother and father and stating that Plaintiff owes a debt to TD Bank, N.A.

24. Defendant violated 15 U.S.C. § 1692b(3) by communicating with Plaintiff's mother and father on approximately 10 occasions.

25. Plaintiff may enforce the provisions of 15 U.S.C. §§ 1692b(2) and b(3) pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of –

(1) any actual damage sustained by such person as a result of such failure;

(2)

    (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

WHEREFORE, Plaintiff requests the following relief:

A. a finding that Defendant violated 15 U.S.C. §§ 1692b(2) and b(3);

B. an award of any actual damages sustained by Plaintiff as a result of Defendant's violation(s);

C. an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D. an award of costs of this action, together with a reasonable attorney's fee as determined by this Court; and

E. an award of such other relief as this Court deems just and proper.

## COUNT II:
**Rosenthal Fair Debt Collection Practices Act (Cal. Civ. Code § 1788 *et seq*.)**

26. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**Violation(s) of Cal. Civ. Code § 1788.17**

27. California Civil Code § 1788.17 provides:

> Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.

28. As alleged, Defendant violated 15 U.S.C. §§ 1692b(2) and 1692b(3); therefore violating Cal. Civ. Code § 1788.17.

29. Plaintiff may enforce the provisions of Cal. Civ. Code §1788.17 pursuant to Cal. Civ. Code § 1788.30 which provides:

> (a) Any debt collector who violates this title with respect to any debtor shall be liable to that debtor only in an individual action, and his liability therein to that debtor shall be in an amount equal to the sum of any actual damages sustained by the debtor as a result of the violation.
>
> (b) Any debt collector who willfully and knowingly violates this title with respect to any debtor shall, in addition to actual damages sustained by the debtor as a result of the violation, also be liable to the debtor only in an individual action, and his additional liability therein to that debtor shall be for a penalty in such amount as the court may allow, which shall not be less than one hundred dollars ($100.00) nor greater than one thousand dollars ($1,000.00).
>
> (c) In the case of any action to enforce any liability under this title, the prevailing party shall be entitled to costs of the action. Reasonable attorney's fees, which shall be based on time necessarily expended to enforce the liability, shall be awarded to a prevailing debtor.

WHEREFORE, Plaintiff requests the following relief:

A. a finding that Defendant violated Cal. Civ. Code § 1788.17;

B. an award of any actual damages sustained by Plaintiff as a result of Defendant's violation(s);

C. an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D. an award of costs of this action, together with a reasonable attorney's fee as determined by this Court; and

E.      an award of such other relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: June 26, 2019                                    Respectfully submitted,

**STEVEN L. FRANKS**

By: */s/ Nicholas M. Wajda*

Nicholas M. Wajda
**WAJDA LAW GROUP, APC**
11400 West Olympic Boulevard
Suite 200M
Los Angeles, California 90064
Telephone: 310-997-0471
Facsimile: 866-286-8433
E-mail: nick@wajdalawgroup.com